STATE OF MAINE, by *scire facias,*

*vs.*

JOHN HOWLEY and others.

Cumberland.    Opinion May 31, 1882.

*Recognizance.*

A recognizance taken in the superior court is a part of its records, and in its keeping.

It is not necessary in a recognizance to state the offense with the precision required in an indictment. It is enough if it can be sufficiently understood from its tenor at what court the party was to appear, and from the description of the offense that the court taking the recognizance had jurisdiction.

Where the recognizance recited that the principals therein kept, and deposited certain intoxicating liquors in their dwelling house in P, describing its position accurately, a portion of which is used by them for purposes of traffic, with intent to sell the same in violation of law, it was held good.

ON EXCEPTIONS from superior court.

*Scire facias* on a recognizance.

The defendants filed special demurrer to the writ, which was overruled and the defendant alleged exceptions.

The opinion states the material facts.

*Henry B. Cleaves*, attorney general, for the plaintiff, cited: *Bridge* v. *Ford*, 7 Mass. 209; *Com.* v. *Daggett*, 16 Mass. 447; *Com* v. *Downing*, 9 Mass. 520; *Com.* v. *Nye*, 7 Gray, 316; *State* v. *Baker*, 50 Maine, 45; *State* v. *Young*, 56 Maine, 219; *State* v. *Hatch*, 59 Maine, 410.

*Henry W. Swasey*, for the defendants.

It is not declared in the writ, that the alleged recognizance is recorded in said superior court. It is well settled that *scire facias* can issue from no court, but one in possession of the record upon which it issues. *State* v. *Brown*, 41 Maine, 536; *Commonwealth* v. *Downey*, 9 Mass. 520; *State* v. *Smith*, 2 Maine, 62. See *State* v. *Baker*, 50 Maine, 46, where the declaration immediately after setting out the recognizance, alleges "all of which appears of record."

That the recognizance must be matter of record in the court taking it, is elementary law. 2 Bl. Comm. p. 341; *State* v. *Smith*, 2 Maine, 62; *Libby* v. *Maine*, 11 Maine, 344; *Bridge* v. *Ford*, 4 Mass. 643; *Bridge* v. *Ford*, 7 Mass. 211.

It is submitted that the healing powers of R. S., c. 133, § 22, cure simply the ills therein named, viz: any omission to record the default of any of the conusors at the proper term, and any defects in the form of the recognizance.

The recognizance should recite the cause of caption. *State* v. *Brown*, 41 Maine, 535.

. In *scire facias*, upon a recognizance to the State in a prosecution for crime, the court, in order to discover what crime is charged, can look only to the recitals in the recognizance. *State* v. *Lane*, 33 Maine, 536.

In *Dailey et als.* v. *The State*, 4 Tex. Rep. 417, the head note is, "It is not necessary to recite in a recognizance the specific charge, but if it be attempted, a charge must be recited for which an indictment will lie, or else the recognizance is void. It is not an offense to have stolen goods in one's possession, simply ; there must be a criminal knowledge or felonious intent. Therefore a recognizance to answer a charge of having stolen goods in possession is void." *State* v. *Cotton*, 6 Tex. 425 ; *M'Donough* v. *State*, 19 Tex. 293.

No complaint will lie in such a case as recited in this recognizance. *State* v. *Learned*, 47 Maine, 429 ; *State* v. *Connelly*, 63 Maine, 214 ; *State* v. *Malloy*, 34 N. J. (Law), 410.

Appleton, C. J. This is a writ of *scire facias* upon a recognizance entered into before the justice of the superior court for the county of Cumberland, to which a special demurrer was filed, assigning two causes therefor.

(1.) "That it is not declared in said writ that said alleged recognizance is recorded in said superior court here. That it is not by said declaration alleged that said superior court here has possession of any record of said alleged recognizance."

A recognizance is "an obligation of record, which a man enters into, before some court of record, or magistrate duly authorized, with condition to do some particular act ; as to appear at the assizes, to keep the peace, to pay a debt, or the like." Jacob Law Dictionary. Here the writ recites that it was taken at a term of the superior court, which is a court of record. The recognizance once taken becomes part of the record of the court taking it. It is not the case of a recognizance entered into in an inferior court, which neglected to send it to the appellate court.

It further appears of record that the recognizors being solemnly called made default.

It sufficiently appears by the facts admitted by the demurrer, that the court issuing this writ had possession of the records on

which they were issued. Indeed the recognizance is a record of the court and in its keeping.

(2.) It is insisted "that recitals in said alleged recognizance do not charge the said John Howley with any crime."

The principal, John Howley, was charged in the complaint against him, with having at Portland kept and deposited certain intoxicating liquors in the dwelling house, and *its* appurtenances situated in the northeasterly corner of York and Park streets in said Portland, part of which said dwelling house is used for purposes of traffic by said Howley and Holcraw, "with intent to *sell the same in violation of law.*"

If Howley intended to sell the liquors kept and deposited to be sold in violation of law, he intended to sell them in violation of the law of this State. The law to be thereby violated is the law of this State. It could be of no other State. A violation of law is a violation of the law of this State. The recognizance sufficiently describes the offense charged.

It is not necessary in a recognizance to state an offense with all the precision required in an indictment. It is provided by R. S., c. 133, § 22, that no action on a recognizance shall be defeated nor judgment thereon arrested . . for any defect in the form of the recognizance, if it can be sufficiently understood, from its tenor at what court the party or witness was to appear, and from the *description of the offense charged* that the magistrate was authorized and required to take the same." All this statute requires is, that it should appear from the description of the offense, that the court taking the recognizance had jurisdiction. It does not require technical precision in the description. It is not questioned that the court had jurisdiction. In *Com.* v. *Nye*, 7 Gray, 316, the recognizance was to answer to an indictment against him for a violation of the "act concerning the manufacture and sale of spirituous liquors," and this was held under a statute similar to that of this State to be a sufficient description of the offense charged. But no offense was charged. It did not appear for what the defendant was indicted, whether for the manufacture or the sale of liquors in violation of law. Shaw, C. J., in his opinion says, "by the provision in the R. S., it is not now necessary

that a fuller description of the offense should appear on the face of the recognizance." In the case at bar the *description* of the offense is more definite and precise. Indeed no one reading it can doubt that "from the description of the offense charged," that the court was authorized and required to take the recognizance. *State* v. *Hatch*, 59 Maine, 410; *State* v. *Crowley*, 60 Maine, 105.

*Judgment for the State.*

BARROWS, DANFORTH, VIRGIN, PETERS and LIBBEY, JJ., concurred.